341 So.2d 6 (1976)
Anthony VOISIN et al.
v.
Whitney LUKE et al.
No. 10978.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
Rehearing Denied December 20, 1976.
Writ Refused February 18, 1977.
*7 Gerald Lofaso, and Edward J. Gaidry, Houma, for plaintiffs and appellants.
Timothy Ellender, Houma, and Daniel C. Wiemann, New Orleans, for defendants and appellees.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
This is a petitory action, brought by the heirs and assigns of Lawrence Voisin against the heirs of Sidney Luke. After trial on the merits, judgment was rendered in favor of defendants, and all plaintiffs have appealed except for Ezella Trosclair Luke, a claimant to an undivided 1/36 of the disputed property. As to her, the judgment is final.
The property in dispute is a strip of land one arpent in width, lying in Section 37, Township 20 South, Range 17 East, in Terrebonne Parish, Louisiana. The strip of land lies on the south line of Section 37, beginning six arpents west of Bayou Grand Caillou, and running back between parallel lines to the west boundary of the said section, which is commonly referred to as the "40 arpent line".
Defendants herein were found to be in possession of that part of the disputed property by judgment in a possessory action between these parties. See Voisin v. Luke, 234 So.2d 862 (La.App. 1st Cir. 1970).
The burden of proof which plaintiffs must bear is set out in Article 3653 of the Code of Civil Procedure:
"To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof."
When the defendant is in possession of the disputed property, the foregoing article, and Article 44 of the Code of Practice, on which it is based, have been interpreted to mean that the plaintiff must rely on the *8 strength of his own title and not the weakness of his adversary's, that he must show valid record title, good against the world, and that the title of defendant does not come into question until the plaintiff has proved an apparently valid title in himself. Smith v. Chappell, 177 La. 311, 148 So. 242 (1933); Thompson v. Frazier, 184 So.2d 283 (La.App. 1st Cir. 1966); Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974).
The common ancestor in title of both plaintiffs and defendants is Celestine DuBois, who was the owner of Lot 1 of a subdivision of Live Oak Plantation, which constituted the southerly six arpents of Section 37, running from Bayou Grand Caillou back to the 40 arpent line. On January 7, 1898, Mrs. DuBois sold the rear portion of Lot 1, being six arpents in width, beginning six arpents west of the Bayou and running back to the 40 arpent line, to Mrs. Anna Pouseret, wife of John B. Rider. That parcel descended from Mrs. Rider via a direct chain of title to Charles W. Buckley, who acquired by counter-letter of May 13, 1909. On October 14, 1933, Mr. Buckley transferred the property to Esther Kennedy. On the same day, Miss Kennedy transferred the property to "Charles W. Buckley, Robert W. Buckley and Warren Buckley, Trustees".
On November 19, 1934, "Charles W. Buckley, Robert W. Buckley and Warren Buckley, ... as Trustees of the Charles W. Buckley Trust, and for and on behalf of said Charles W. Buckley Trust", sold the said tract to Lawrence Voisin, from whom plaintiffs inherited the said property. The deed contains the following language:
"It being the intention to cede, transfer and quitclaim whatever property is owned by said Charles W. Buckley Trust, or of which it may appear as record owner, in said Lot 1 of Section 37, T. 20 S., R. 17 E., so comprised in the Louis Cossier Grant ..."
The trial judge found that, under the law, as it was in 1934, there could be no transfer of property to a trust in Louisiana, and that under the deed from Esther Kennedy, title vested in Charles W. Buckley, Robert W. Buckley and Warren Buckley, individually, rather than as trustees. He further held that, since the same three parties acted on behalf of the Charles W. Buckley Trust, rather than as individuals, in the sale to Lawrence Voisin, they did not convey the interests which they held personally under the deed from Esther Kennedy. He found this to create a gap in plaintiffs' title, and that plaintiffs had therefore not met the burden imposed by Article 3653 of the Code of Civil Procedure, supra.
Plaintiffs timely applied for a new trial for the purpose of reargument only. On December 6, 1974, the date fixed for hearing on that motion, plaintiffs filed a "Supplemental and Amended Motion and Rule for New Trial", alleging the discovery of "new evidence and important documents touching upon the creation and existence of the Charles W. Buckley Trust."
The trial judge granted a partial new trial for the purpose of admitting the documents into evidence, but held that they made no difference in the outcome of the case, and rendered a final judgment recognizing defendants as owners of the disputed property. Although defendants now complain that the trial judge should not have granted the new trial, they cannot be heard to do so, since they have neither appealed nor answered the plaintiffs' appeal.
The three documents admitted, which were dated October 20 and 21, 1937, and all of which purported to convey the subject property, were: A quitclaim deed from Esther Kennedy to Charles W. Buckley; a transfer from Charles W. Buckley, Robert W. Buckley and Warren Buckley, Trustees of the Charles W. Buckley Trust, to Charles W. Buckley; and a transfer from Charles W. Buckley to Warren Buckley of an undivided one-fourth interest.
In the transfer from the Trustees to Charles W. Buckley, we find the following language:
"This deed is made for the purpose of revesting in Charles W. Buckley the title which he attempted to vest in the vendors as Trustees for the `Charles W. *9 Buckley Trust' to the above described lands, property and property rights situate in the State of Louisiana by the making of two deeds to one Esther Kennedy, acknowledged October 14, 1933, and recorded in Terrebonne Parish, Louisiana, in Conveyance Book 101 folios 471 and 474, and by causing the said Esther Kennedy to make a deed to said Charles W. Buckley, Warren Buckley and Robert W. Buckley, as Trustees, acknowledged on or about October 14, 1933 and registered in Conveyance Book 101, folio 477 of said Terrebonne Parish, Louisiana.
"Now, the parties have been informed that such a trust and the holding of title by such Trustees is not valid or effective in Louisiana or as affecting Louisiana property and property rights; and the present deed is made and delivered so as to correct the situation, and to take out of said trust and said Trustees, and to revest in their true and legal owner, Charles W. Buckley, the hereinabove described lands, property and property rights."
Article 4, § 16 of the Constitution of 1921 says, in part:
"No law shall be passed authorizing the creation of substitutions, fidei commissas or trust estates; except that the legislature may authorize the creation of trust estates for a period not exceeding ten years from the settlor's death as to a beneficiary which is not a natural person; ten years from the settlor's death as to a beneficiary who is a natural person or until the death of the beneficiary whichever is the longer period; ..."
The only law adopted by the legislature relative to trusts was Act 107 of 1920 which, consistent with the above constitutional provision, provided for donations in trust which did not affect the law in regard to the disposable portion, except that the legitimate portion of a forced heir could be administered in trust. Act 107 of 1920 was repealed by Act 7 of the Third Extraordinary Session of 1935, and there was no law permitting trusts until 1938. There is nothing in the record to indicate whether or not the Charles W. Buckley Trust complied with the above provisions of the constitution or of Act 107 of 1920, either in its creation, terms or duration.
It is clear that, in 1933 and 1934, it was possible for a trust to exist legally in Louisiana, so long as it complied with the above provisions of the law. Therefore, the fact that the Charles W. Buckley Trust acquired and sold the disputed property does not necessarily create a hiatus in the Voisin chain of title. In view of the presumption that all things are presumed to be lawfully done until proof is made to the contrary, we think that plaintiffs have shown an "apparently valid" chain of title, and that the burden would be on defendants to show the illegality of the trust.
It is argued by defendants that, under Article 4 § 16 of the Constitution of 1921, and Act 107 of 1920, a trust could only result from a donation inter vivos or mortis causa, and that since no such donation appears in the record, there could be no valid trust in Louisiana.
The foregoing provisions contemplate an administration of trusts created thereunder, and there is nothing to prevent purchases and sales of property by the trustee of a properly created trust in the course of such an administration. Defendants have not shown that the trust was not properly created or that the trustees acted beyond their authority in the acquisition and sale of the subject property.
We also note that the attempts of the trustees and of Charles W. Buckley to cure the alleged invalidity of the trust took place after Act 107 of 1920 was repealed and before the Trust Estates Act of 1938 was adopted, at which time trusts were not permitted in Louisiana.
Assuming, arguendo, that the doubts of the Buckleys as to the validity of the trust, as expressed in the October 20, 1937 instruments which were introduced at the new trial, were soundly based in law, we do not believe the result would be different. The trustees obviously acted on the mistaken assumption that the trust owned property *10 which they actually owned individually. Clearly they intended a good faith transfer of title to Lawrence Voisin. To ignore this intent and render the transfer invalid would be unrealistic. They executed the sale to Mr. Voisin in the same capacity in which they acquired the property from Esther Kennedy. If their designation as "Trustees" in the acquisition is surplusage, the same must be true of the same designation in the sale.
We are, therefore, of the opinion that plaintiffs have made out their title to the disputed property to the extent required by law, and we must now examine the title of defendants.
Defendants' title is based on a sale dated October 27, 1900, from Celestine DuBois, the common ancestor in title, to Joseph Voisin of all of Lot 1 of Live Oaks Plantation, which includes the property which Mrs. DuBois had sold to Anna Pouseret Rider some two years before. It is clear that defendants' title, being later in date than that of plaintiffs', is inferior thereto.
Defendants have also claimed title by the prescriptions of 10 and 30 years, acquirendi causa. The trial judge was of the opinion that defendants had proved their case in this respect as well. The record shows that Sidney Luke, from whom defendants inherited the property, acquired the southerly one arpent of Section 37 from Andre LeBlanc, on March 12, 1917. There is nothing in the record to indicate that Mr. Luke was in bad faith. The record is also clear that he resided on and possessed the front portion of the property from the time of his acquisition. Other evidence on behalf of defendants showed that they trapped the disputed strip from the six arpent depth to the 40 arpent line; that they placed signs and pickets along the lines thereof in the late '30's and in the '50's and '60's; and that they maintained a trainasse, or shallow canal, along the section line. Since the disputed property is all wet marsh, and suited only for possession by trapping and hunting, these acts would ordinarily be sufficient to prove up a prescriptive title in the defendants.
However, there is other evidence in the record which was ignored by the trial judge, but which should have been considered by him in reaching his conclusion. Charles W. Buckley became the record owner of the property in 1909. As pointed out above, his title was better than that of those claiming under Joseph Voisin because it stemmed from the more ancient sale by the common ancestor in title. As early as August 7, 1920, Mr. Buckley leased the property for mineral purposes, and executed other mineral leases in 1926 and 1928. On October 27, 1924, Mr. Buckley executed a fur trapping lease on the six arpent parcel to William Hunter, who assigned it to Delaware-Louisiana Fur Trapping Co., Inc. On February 28, 1927, Delaware-Louisiana subleased the property to Alidore Mahler, who, in turn, sub-leased it to Harry Bourg.
The record is replete with the testimony of disinterested witnesses who trapped the disputed property under the Buckley lease until the sale to Lawrence Voisin in 1933. These witnesses also testified that they used and maintained the trainasse. The testimony of these witnesses, and of members of the Voisin family is further to the effect that the Voisins trapped the six arpent parcel, including the disputed property, from the time of the acquisition in 1933 until the late '50's.
Taken as a whole, the record reflects that both sides in this controversy have exercised acts of possession on the subject property for many years. We think it evident that neither party has ever exercised exclusive possession thereof for any extended period of time.
It is, of course, essential to any claim of acquisitive prescription that the possession on which it be based be continuous and uninterrupted. Article 3487, Civil Code. The record clearly shows that the possession claimed by defendants has been continuously interrupted by acts of possession by or under the authority of the plaintiffs and their predecessors in title. For that reason, the defendants' pleas of acquisitive prescription *11 of 10 and 30 years is without merit.
Accordingly, the judgment appealed from is reversed, and there will be judgment in favor of plaintiffs, except for Ezella Trosclair Luke, who did not appeal, recognizing them as owners of an undivided 35/36 interest in the following described property and in the proportions hereinafter set forth:

Anthony Voisin 12/36
Antoinette Voisin Fanguy 9/36
Ethel Blanchard Trahan 3/36
George Blanchard 3/36
Jane Trosclair Pellegrin 1/36
Eugene Trosclair 1/36
Zelthia Trosclair LeBoeuf 1/36
Joseph Trosclair 1/36
Johnny Trosclair 1/36
James T. Trosclair 1/36
Ruth Trosclair Aucoin 1/36
Lawrence Paul Trosclair 1/36

A certain tract of land situated in the Parish of Terrebonne, Louisiana at about 20 miles below the City of Houma, Louisiana, comprised in Lot 1 of Live Oak Plantation on the right descending bank of Bayou Grand Caillou situated in Section 37, T20S, R17E (Louis Cossier Grant), measuring one (1) arpent in width commencing six (6) arpents west of the Bayou Grand Caillou and extending to the western boundary line of Section 37, T20S, R17E; said parcel of land being bounded as follows, to-wit: On the North by other property of Anthony Voisin, et al, on the South by the southern boundary of Section 37, T20S, R17E, on the West by the western boundary of Section 37, T20S, R17E, and on the East by property of Sidney Luke, now or formerly.
All costs of this suit shall be paid by defendants.

REVERSED AND RENDERED.