364 So.2d 1056 (1978)
TENNECO OIL COMPANY, Plaintiff-Appellee,
v.
Fred L. HOUSTON et al., Defendants-Appellees,
Ellis Harp, Jr. et al., Defendants-Appellants.
No. 13662.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1978.
Rehearing Denied December 13, 1978.
*1057 Nesib Nader, Shreveport, for defendants-appellants Ellis Harp, Jr., et al.
Colvin, Hunter, Brown, Plummer & Means by Robert E. Plummer, Mansfield, for defendants-appellees Fred L. Houston, et al.
Naff, Kennedy, Goodman, Stephens, Donovan & Parnell by Harry S. Stephens, Shreveport, for plaintiff-appellee Tenneco Oil Co.
David A. Rothell, Mansfield, Curator Ad Hoc for defendant-appellee.
Claude R. Sledge, Mansfield, Curator Ad Hoc for defendants-appellees.
W. T. Pegues, Mansfield, Curator Ad Hoc for defendants-appellees.
Herman L. Lawson, Mansfield, Curator Ad Hoc for defendants-appellees.
Beverly Kinchen, in pro. per.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
This is an appeal from a concursus proceeding initiated by Tenneco Oil Company to determine the parties entitled to mineral royalties on a 40.2 acre tract described as the Southwest Quarter of the Southeast Quarter (SW ¼ of SE ¼) Section Fourteen (14), Township Fifteen (15) North, Range Thirteen (13) West, DeSoto Parish, Louisiana. This appeal is concerned only with the conflicting claims of a group of defendants referred to as the Harp group and Fred L. and Eleanor H. Houston, who are in corporeal possession of the property. Ellis Harp, Jr., Anether Harp Hall, Dorether Harp, and Jimmy Ray Harp contend they are entitled to proportionately share in an undivided 1/4; interest in the property acquired by their mother, Lula Mae Green Harp, upon the death of her mother, Everlyn Green Oliver, the putative spouse of Will Oliver, who is the common ancestor in title to all defendants. The Harp group of defendants have appealed the trial court judgment declaring Fred and Eleanor Houston entitled to the payment of the royalties in dispute.
The issues on appeal are: (1) what is the applicable burden of proof under La.C.C.P. Art. 3654, and (2) whether the Harp group has met their burden of proof in order to be entitled to the accrued royalties.
Under La.C.C.P. Art. 3654, when the issue of ownership of immovable property or a real right is presented in a concursus proceeding, the court shall render judgment in favor of the party:
(1) Who would be entitled to possession of the immovable property or real right in a possessory action, unless the adverse party makes out his title thereto; or
(2) Who proves better title to the immovable property or real right, when neither party would be entitled to the possession of the immovable property or real right in a possessory action.
The allocation of the burden of proof under La.C.C.P. Art. 3654 is couched in terms of possession. If the court finds a party would be entitled to possession in a possessory action, then the adverse party *1058 has the burden of making out his title thereto. To complete this burden the party must prove an unbroken chain of record title or prescriptive title which are sometimes referred to as "a title `good [as] against the world'." La.C.C.P. Art. 3654(1), Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974). If neither party is shown to have the requisite possession, the court shall render judgment in favor of the party who proves better title. La.C.C.P. Art. 3654(2).
The record is clear and appellants have admitted in brief that the Houstons have been in corporeal possession of the 40.2 acre tract since 1971. However, appellants contend that the Houstons do not have the undisturbed possession required for a possessory action because the registry and recordation of various instruments affecting the property within one year of the filing of this proceeding have interrupted their possession.[1] It is well settled that a disturbance in law[2] does not interrupt a corporeal possession or a civil possession that has been preceded by corporeal possession. Chauvin v. Kirchhoff, 194 So.2d 805 (La.App. 1st Cir. 1967); see also the concurring opinion of Justice Tate in Ree Corporation v. Shaffer, 261 La. 502, 260 So.2d 307, 314 (1972); and A. Yiannopoulos Property in Louisiana Civil Law Treatise § 138 (Supp.1978). Since the recordation of these instruments does not interrupt the undisputed corporeal possession of the Houstons as a matter of law, we find the Houstons "entitled to the possession of the immovable property or real right in a possessory action." Therefore, the applicable burden of proof is upon the Harps to make out a valid record title "as against the world." La.C. C.P. Art. 3654(1), Pure Oil Company v. Skinner, supra.
Appellants alternatively contend even if the applicable burden be valid record title under Article 3654(1), they have met this burden under the "common author" doctrine. Since the burden of proof enunciated in Articles 3653 and 3654 are identical, they contend that the "common author" doctrine is also applicable to Article 3654. Under the "common author" doctrine the proof of title back to a common ancestor shifts the burden to the adverse party to prove his title. Therefore, appellants contend that their proof of title to a common ancestor (i. e. Will Oliver) shifts the burden to the Houstons to prove their title. Appellants cite Clayton v. Langston, 311 So.2d 74 (La.App. 3rd Cir. 1975) wherein our colleagues on that court apparently concluded that "common author" title is "title good against the world" thereby satisfying Articles 3653(1), 3654(1), and Pure Oil Company v. Skinner, supra.[3] We respectfully disagree with that decision. We hold that proof of a more ancient title derived from a common author in title is not proof of ownership, that is, title good against the world, but merely proof of better title. See A. Yiannopoulos Property in Louisiana Civil Law Treatise § 137 (Supp.1978); Yiannopoulos, The Work of the Louisiana Appellate Courts for the 1976-1977 Term  Property, 38 La.L.Rev. 332, 342 (1978); and Maraist, The Work of the Louisiana Appellate Courts for the 1974-1975 Term  Civil Procedure, 36 La.L.Rev. 556, 572-573 (1976). We find this interpretation to be more consistent with the Louisiana Supreme Court's treatment of La.C.C.P. Arts. 3653 and 3654 in Pure Oil. Since we hold that "common author" title is simply proof of better title, the Harp group has not satisfied the applicable *1059 burden under Article 3654(1), i. e. to make out their title thereto. This burden is only satisfied when they prove their ownership either by an unbroken series of valid transfers back to the sovereign or by acquisitive prescription of ten or thirty years. La.C.C.P. Arts. 3653(1), 3654(1), Pure Oil Company v. Skinner, supra. They have presented no evidence of a record title preceding the deed from The Frierson Company, Inc. to Will Oliver dated January 10, 1951. Since they have not met this burden, the court properly awarded the accrued royalties to Fred and Eleanor Houston. The judgment is affirmed. Costs of this appeal are taxed to appellant.
NOTES
[1] The instruments referred to are precautionary mineral leases or transfers of ownership interests to Tenneco from various claimants.
[2] A disturbance in law is the execution, recordation, registry, or continuing existence of record of any instrument which asserts or implies a right of ownership or to the possession of immovable property or of a real right, or any claim or pretension of ownership or right to the possession thereof except in an action or proceeding, adversely to the possessor of such property or right. La.C.C.P. Art. 3659.
[3] A similar result was reached in Voisin v. Luke, 341 So.2d 6 (La.App. 1st Cir. 1976), wherein the court used the "common author" rule and held that a plaintiff in a petitory action is entitled to judgment recognizing his ownership against a defendant in possession upon proof of a more ancient title derived from a common author.