STOULIG, Judge,
concurring.
I concur in the result reached in the majority opinion.
In this matter the trial court decreed that the plaintiff had “ * * * a good and valid title through acquisitive prescription of thirty years * * In my opinion the superiority of title between the plaintiff and the defendant is not at issue, and therefore a petitory action will not lie.
The object of the petitory action is to establish title to realty or to a real right (C.C.P. art. 3651). Under C.C.P. art. 3653 the possession of the realty by the adverse claimant determines the burden of proof exacted of the plaintiff in a petitory action. If the defendant is in possession, the plaintiff is obliged to establish the validity of his title against the world without regard to the deficiencies in the title of the defendant. However if the defendant is not in possession, then the plaintiff has the burden of proving the better title between the parties. Possession within the contemplation of this article requires not only the detention but also the intent to possess as owner. (C.C. art. 3436)[1]
In the instant matter the defendant has never contended that he was possessing the realty with the intent to acquire its ownership either by prescription or otherwise. And the trial court found as a matter of fact that the defendant knew he was purchasing only the camp and the wharf. It therefore follows since the defendant did not fulfill the requirements of possession nor assert an adverse claim to the title of the realty, a petitory action will not lie.[2]
*978 Furthermore, the judgment of the trial court decreeing that the plaintiff “ * * * has made out a good and valid title through acquisitive prescription of thirty years * * * ” is not warranted from the posture of these proceedings. This judgment presupposes that the plaintiff has established the validity of his title against the world, which is not borne out by the record. Neither the recorded owner nor his heirs or representatives were joined as parties defendant in this proceeding and therefore the trial court could not adjudicate the validity of the title to their property based upon adverse possession without a contradictory proceeding against these indispensable parties.
In my opinion plaintiff’s only available remedy is by a possessory action seeking either to quiet the disturbance of his possession by the defendant, if one has in fact occurred, or to be restored thereto in the event the court finds that he has been evicted. Frankly a reading of the testimony and particularly that of the defendant leads to the inescapable conclusion that there exists no adverse claim of possession. Defendant testified that he was seeking only to sell the camp and the wharf which he purchased from plaintiff’s vendee. In fact the sign he posted read “House for sale.” I can find no bases for concluding the defendant was attempting to adversely possess against the plaintiff.

. C.C.P. art. 3655; Voisin v. Luke, 341 So.2d 6 (La.App. 1st Cir. 1976); and Ryder v. Lacour, 322 So.2d 243 (La.App. 3d Cir. 1975).

. It should be noted that plaintiff at the time of suit was and had been for many years in adverse possession of the tract of land including the area on which the camp and the wharf were situated. Adverse possession of a part is tantamount to possession of the whole. (C.C. art. 3437)