635 So.2d 544 (1994)
Bryant W. CONWAY, et al., Plaintiff-Appellant,
v.
CROWELL LAND & MINERAL CORP., Defendant-Appellee.
No. 93-1158.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*545 W. Bernard Kramer, Donald Charles Theriot, for Bryant W. Conway et al.
Richard B. Crowell, for Crowell Land & Mineral Corp.
Before KNOLL, COOKS and WOODARD, JJ.
WOODARD, Judge.
This lawsuit arises out of a dispute of the ownership of three tracts of immovable property located in Rapides Parish, Louisiana.

FACTS
This property dispute involves three tracts of immovable property situated in Rapides Parish, Louisiana to wit:
*546 
Plaintiffs, Mr. Bryant W. Conway and Mrs. Lynn Martin Conway, initiated this suit as a possessory action seeking to have recognized their rights to the possession of Tract 3 and the 100 foot wide railroad tram traversing Tract 1. Plaintiffs also sought an order maintaining them in possession. The defendant, Crowell Land and Mineral Corporation, answered the suit, asserting ownership of Tract 3 and the railroad tram as it traverses Tract 1. Thus, this action was converted into a petitory action, pursuant to La.Code Civ.P. art. 3657. Subsequently, the plaintiffs amended their petition seeking to have the court fix the boundary lines between the properties owned by the parties.
The trial court recognized the plaintiffs as owners of Tracts 1 and 2, containing 99.743 acres, according to the survey by Willis Engineering. Further, the trial court adjudicated to defendant the 100 foot wide railroad tram traversing Tract 1, containing 3.7 acres in full ownership, and ownership of Tract 3, pursuant to the public records doctrine, containing 20.1 acres, according to the survey by Willis Engineering and set the boundaries of the properties owned by the parties, according to the Willis Engineering survey.
The Conways appeal and assert the following assignments of error: (1) trial court's finding that defendant acquired full ownership of the 100 foot wide railroad tram was manifestly erroneous; (2) trial court's use of the Willis plat to set the boundaries of the properties owned by the parties was an abuse of discretion; and (3) trial court's finding that defendant was the owner of Tract 3 pursuant to the public records doctrine was manifestly erroneous.

100 FOOT WIDE RAILROAD TRAM TRAVERSING TRACT 1
On May 31, 1913, Crowell and Spencer Lumber Company, Ltd., who is the ancestor in title to the defendant, and Mr. W.H. Whatley, who is the ancestor in title to the plaintiffs, executed two deeds. In the first deed, Crowell sold Tract 2 to Whatley for the price of $1.00 and other consideration that would be specified in the second deed (the Whatley deed). In the Whatley deed, Whatley executed to Crowell a 100 foot wide strip across Tract 1. The Whatley deed stipulated a consideration of $500.00 in cash and the 20 acres of land in the first deed.
The issue concerning Tract 1 is whether the Whatley deed constituted a transfer of servitude of right of way or whether the deed effected a sale of ownership translative of title. Louisiana jurisprudence has held that a railroad "right of way" *547 may be granted by either the fee title or merely a servitude of right of way. Whether the one or the other is meant in any particular instrument must be gathered from the instrument as a whole. John T. Moore Planting Co. v. Morgan's Louisiana and T.R. & S.S. Co., 126 La. 840, 53 So. 22 (1910); Arkansas Imp. Co. v. Kansas City Southern Ry. Co., 181 So. 441 (La.1938). Notwithstanding, extrinsic evidence may be considered in construing such an instrument. Arkansas Imp. Co., supra.
Porter v. Acadia-Vermilion Irr. Co., Inc., 479 So.2d 1003 (La.App. 3d Cir.1985), sets forth a multi-factor test for deciding the issue of whether ownership or a servitude has been conveyed; namely:
1. The amount of consideration recited in the deed.
2. Whether specific measurement was given to the "right of way."
3. Whether the parties claiming the fee title had an actual need for such title.
4. To whom the property was assessed and who paid the taxes on the property.
5. Whether the grant was made for a specific purpose.
6. Whether the grant was made "in perpetuity" or "forever."
7. How the parties to the conveyance or their heirs and assigns have treated the property.
The first factor of the Porter test is the adequacy of the consideration recited in the deed. At the time of the execution of the Whatley deed, Crowell (ancestor in title of defendant) conveyed to Whatley (ancestor in title of plaintiffs) a tract containing 20 acres (Tract 2) and $500.00 in cash in consideration of the 100 foot wide strip across Tract 1. This substantial consideration was not merely perfunctory, it was in proportion to the value of the land being sold. Thus, the consideration stated in the present case is indicative of an intent to convey fee title to the railroad tram. Porter, supra.
The next factor to consider is whether a specific measurement was given to the "right of way." In the present case, the disputed strip is described in the Whatley deed as follows:
A Right-of-Way, for railroad purposes, One Hundred Feet Wide, over and across the North-Half of the North-West Quarter, Section Thirteen, Township One, South of Range Two, West of the Louisiana Meridian, in the Parish of Rapides, Louisianathe said Right-of-Way to be located as now staked out by the engineer, and entering the North-West Quarter of North-West Quarter of Section from the North, and proceeding in a South-Easterly direction through the said North West Quarter of the North-West Quarter, and entering the North-East Quarter of the North-West Quarter from the West and proceeding in a Southeasterly direction through the said North-East Quarter of the North-West Quarter, and going out of the same on the South side.
Since the disputed strip is described with exactness, this is indicative of an intent to convey fee title to the railroad tram.
Factors three and five deal with whether the party claiming ownership had an actual need for title and whether the grant was made for a specific purpose. This grant was for the specific purpose of constructing a railroad. Thus, defendant did not need the title to this property to construct a railroad on it. These are the only two factors that lend support to finding the Whatley deed merely granted a servitude.
Factor four, concerning to whom the property was assessed and who pays taxes on the property, is addressed by the Rapides Parish Assessor's records. The 100 foot wide railroad tram (3.7 acres on Tract 1) is assessed to defendant, and it has paid taxes on the railroad tram from 1914 through the present. Thus, factor four is indicative of an intent to convey fee title to the railroad tram.
The sixth factor to consider is whether the grant was made "in perpetuity" or "forever." A deed stating that the land is conveyed "forever" indicates that the parties intend to convey ownership; while a deed stating that the conveyance is "in perpetuity" is merely a grant of a servitude. Meaux v. Southdown Lands, Inc., 361 So.2d 974 (La. App. 3d Cir.1978). The deed in the present *548 case conveys the land to Crowell and Spencer Lumber Company, Ltd., defendant's ancestor in title, "forever," and thus indicates a fee title transfer. The pertinent language is as follows:
To have and to hold the said right-of-way unto said purchaser, its successors and assigns, in full ownership forever, and with full warranty of title and defense of the same against all the claims of all persons whomsoever.
The final factor to be considered is how the parties to the conveyance or their heirs have treated the property. The record clearly substantiates that the parties have treated the railroad tram as being owned by defendant. Crowell operated a railroad over the tram from 1914 through 1955. Between 1955 and 1974, Crowell maintained the railroad rails and beds, and in 1974, sold the rails. Since 1974, Crowell has exercised "good forestry practices" over the tram by marking its exterior boundaries with red paint, conducted semi-annual inspections and prevented outsiders from cutting timber. The plaintiffs have cut timber on Tract 1 up to both sides of the tram. However, there has been virtually no timber harvested by plaintiffs on the tram.
It is well settled that a trial court's finding of fact may not be set aside unless it is manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Since five of seven factors in the Porter test clearly indicate the Whatley deed transferred title of the railroad tram on Tract 1 to defendant, we cannot conclude that the trial court was manifestly erroneous in so finding.

BOUNDARY DISPUTE
The Willis plat, introduced into evidence by the defendant, was prepared without reference to the last United States Government Survey of Section 13, made in 1877. Plaintiffs introduced a plat into evidence that was based on the United States Government Survey in 1877. The plaintiffs' plat places the western boundary of the property in question further west than the Willis plat, showing plaintiffs' property encompasses a larger area than set out in the Willis plat. Plaintiffs argue that their plat, based on the United States Governmental survey in 1877, should have been the one used by the court in determining the boundaries.
We find that the trial court abused its discretion in using the Willis plat to determine the boundaries of the property owned by the parties. The trial court should have used the plaintiffs' plat based on the 1877 United States Governmental Survey, as preference is given to the more ancient survey. See Union Producing Co. v. Placid Oil Co., 178 So.2d 392 (La.App. 1st Cir.1965); Williamson v. Kelly, 520 So.2d 868 (La.App. 3d Cir.1987). Therefore, we reverse that portion of the trial court's judgment which relied on the Willis survey, and remand with instructions to the trial court to set the boundaries, between the parties, using the plaintiffs' plat.

OWNERSHIP OF TRACT 3
Defendant's conversion of the instant suit into a petitory action constitutes a judicial confession of plaintiffs' possession of Tract 3. La.Code Civ.P. art. 3657. Defendant must prove it acquired ownership from a previous owner or by acquisitive prescription. La.Code Civ.P. art. 3653. To satisfy this burden, the defendant must prove an unbroken chain of record title or prescriptive title which is sometimes referred to as "a title good against the world." Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974). However, the defendant does not have to prove perfect title to Tract 3, just one "apparently good," which traces an unbroken record title to the sovereign. Bickham, Inc. v. Graves, 457 So.2d 1210 (La.App. 1st Cir. 1984).
Defendant entered a complete abstract and chain of title of Tract 3 in the public records of Rapides Parish into evidence in the case sub judice. The public records of Rapides Parish clearly prove that defendant has an unbroken chain of record title, relating back to the original patent by the United States to New Orleans Pacific Railway Company dated December 28, 1892, and filed for recordation on August 11, 1893:
(1) Patent, United States to New Orlenas (sic) Pacific Railway Company, dated December 28, 1892, recorded April 20, *549 1893, Conveyance Book R, Page 509. Covers S½ of NW½ of Section 13, T1SR2W.
(2) Sale, New Orleans Pacific Railway Company of Kissatchie Land Company, Ltd. dated August 1, 1900, recorded August 11, 1900, Conveyance Book HH, Page 18. Conveys same and other properties.
(3) Cash Sale, Kissatchie Land Company, Ltd. (Res. attached) to Florien Giauque, dated June 24, 1902, recorded March 11, 1903, Conveyance Book NN, Page 254. Conveys SW¼ of NW¼ of Section 13, T1SR2W and other properties.
(4) Cash Sale, Florien Giauque to Clacasieu (sic) Pine Company, dated July 31, 1906, recorded September 3, 1906, conveyance Book TT, Page 265. Conveys same property.
(5) Cash Sale, Calcasieu Pine Company (Res. Attached) to Crowell & Spencer Lumber Company, Ltd., dated December 15, 1909, recorded February 5, 1910, Conveyance Book 54, Page 51. Conveys same and other property.
(6) Transfer, The Crowell & Spencer Lumber Co., Ltd., (in liquidation rep., by R.D. Crowell and R.D. Crowell, Jr.) to Robert D. Crowell (Idella Allen) and said Idella Allen Crowell, Robert D. Crowell, Jr. (Florence Balcom), Allen C. Crowell (Sylvia Spengler), Richard L. Crowell (single), Alexander B. Spencer, Jr. (Josephine Frost) and J. Keener Wadley (Susie L. Crowell) and said Susie L. Crowell Wadley, dated, filed and recorded December 23, 1941, Conveyance Book 267, Page 4 (# 271884). Conveys same property (and other large tracts).
(7) Cash Sale, Robert D. Crowell (Idella Allen) and said Idella Allen Crowell Robert D. Crowell, Jr. (Florence Balcom), Allen C. Crowell (Sylvia Spengler), Richard L. Crowell (single), Alexander B. Spencer, Jr. (Josephine Frost), J. Keener Wadley (Susie L. Crowell) and said Susie L. Crowell Wadley to Crowell Land and Mineral Corp., dated, filed and recorded December 26, 1941, conveyance book 267, Page 31 (# 271930). Conveys S½ of SW¼ of NW¼, Section 13, T1SR2W (and other large tracts).
The plaintiffs argue that a judgment, obtained by defendant's ancestor in title, Crowell and Spencer Lumber Company, in Civil suit Number 8932, in 1913, which recognized Crowell as owner of Tracts 2 and 3, is a break in the defendant's title. Plaintiffs rely on a typographical error in the judgment which recognized Crowell and Spencer Lumber and Mineral Company as owner of the SW¼ of SW¼ of Section 13, notwithstanding that all the pleadings and evidence in the old case involve the SW¼ of NW¼ of Section 13 (Tracts 2 and 3).
Defendant was not required to prove a "perfect title" to Tract 3. Bickham, supra. It proved an "apparently good" title when it traced an unbroken record title back to the original patent in 1892, which is all that is necessary. Tenneco Oil Co. v. Houston, 364 So.2d 1056 (La.App. 2d Cir.1978). Thus, the trial court was not manifestly erroneous in recognizing defendant as the owner of Tract 3.
Once the defendant proved his title to Tract 3, the burden was on the plaintiffs to prove ownership through acquisitive prescription of 30 years. See Garrett v. Ernest, 369 So.2d 713 (La.App. 1st Cir.1979), writ denied, 371 So.2d 1340 (La.1979); La.Civ. Code art. 3424. Plaintiffs argue that the evidence at trial established plaintiffs acquired ownership of Tract 3 by acquisitive prescription of 30 years.
The requisites for the acquisitive prescription of 30 years are: possession of 30 years and a thing susceptible of acquisition by prescription. La.Civ.Code art. 3486. To acquire possession, plaintiffs must prove the intent to possess as owner, and the corporeal possession of Tract 3. La.Civ.Code art. 3424. The plaintiffs must prove they exercised physical acts of use, detention, or enjoyment over Tract 3. La.Civ.Code art. 3425. Since plaintiffs argue possession of Tract 3 without title, plaintiffs have the burden of proving actual possession within enclosures sufficient to establish the limits of possession with *550 certainty, by either natural or artificial marks, giving notice to the world of the extent of possession exercised. Hill v. Richey, 221 La. 402, 59 So.2d 434 (1952).
Mr. Conway testified that his great-grandparents (Mr. and Mrs. W.H. Whatley), homesteaded and built a log cabin on Tract 2 and had a field that came down toward Tract 3, but he did not know how far down the field extended. Mr. Conway testified that Mr. and Mrs. W.H. Whatley died on the subject premises in 1913 and 1914, respectively. Mr. Conway revealed that his great-grandparents' activities were limited to Tract 2. He testified that he began camping on Tract 2 in the early 1970's and that his activities on Tract 2 over the past 20 years were infrequent and recreational in nature; that he had not enclosed the property by any fence beyond the legal descriptions of Tracts 1 and 2; nor conducted any agricultural activities, other than selective timber harvesting on Tracts 1 and 2 on two or three occasions. Mr. Conway never indicated that either he or his great-grandparents had exercised physical acts of use, detention, or enjoyment on Tract 3 for 30 consecutive years.

DECREE
For the foregoing reasons, the judgment of the trial court which relied on the Willis survey is reversed and remanded with instructions to the trial court to set the boundaries of the properties, between the parties, using the plaintiffs' plat and to amend its judgment in the petitory action with regard to Mr. Conway's acreage concerning the boundary description. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.