737 So.2d 91 (1999)
Ennis E. DUCK, et al., Plaintiffs-Appellees,
v.
Nellie J. GUILLORY, et al., Defendants-Appellants.
No. 98-1387.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1999.
*92 William M. Ford, Alexandria and Susan Ford Fiser, Alexandria, for Ennis E. Duck, et al.
James F. Abadie, Baton Rouge, for Nellie J. Guillory, et al.
BEFORE: YELVERTON, COOKS and PETERS, Judges.
COOKS, Judge.
This is an appeal from a judgment in a petitory action, recognizing the heirs of Hobson Ennis Duck (hereinafter the "Ducks") as owners of certain immovable property located in Rapides Parish. We affirm.

BACKGROUND FACTS AND PROCEDURAL HISTORY
The Ducks filed a petitory action seeking to be recognized as owners and placed in possession of certain property occupied by the heirs of T.J. Guillory and Nellie Johnson Guillory (hereinafter the "Guillorys"). The Guillorys filed an answer alleging that they maintained continuous possession sufficient to establish title in their names. The disputed property is approximately 3.4 acres, located in the Northwest Quarter of the Southeast Quarter, Section 26, Township 1 North, Range 2 West, in Rapides Parish, Louisiana. The Ducks acquired ownership of this property both by succession and donation. After a trial on the merits, the court decreed the Ducks were owners of the tract of land and ordered the Guillorys to remove themselves and all possessions from the property within sixty days. This appeal follows.

ASSIGNMENT OF ERROR
In their only assignment of error, the Guillorys urge the court erred as a matter of law in determining that the Ducks had good title against the world, sufficient to prevail in a petitory action. The Guillorys have abandoned their claim of ownership through acquisitive prescription; thus, this issue is not before us.

LAW AND ANALYSIS
La.Code Civ.P. art. 3651 defines a petitory action. This article states:
The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership.
La.Code Civ.P. art. 3653 provides, in a petitory action, the petitioner has the burden of proving he acquired ownership from a previous owner or by acquisitive prescription, if the court finds the defendant is in possession of the property. This article states in pertinent part:
To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that *93 the defendant is in possession thereof....
To satisfy their burden, the Ducks were required to prove an unbroken chain of record title or that they acquired title by prescription. Such proof of title is sometimes referred to as "title good against the world." Pure Oil Co. v. Skinner, 294 So.2d 797, 799 (La.1974). The Ducks, however, were not obligated to prove a perfect title to the disputed property, just one "apparently good" which traces an unbroken record title to the sovereign. See Conway v. Crowell Land & Mineral Corp., 93-1158 (La.App. 3 Cir. 4/6/94), 635 So.2d 544 (citing Bickham, Inc. v. Graves, 457 So.2d 1210 (La.App. 1 Cir.1984)), writ denied, 94-1198 (La.7/1/94), 639 So.2d 1166.
The Ducks introduced as evidence a complete abstract and chain of title of valid transfers from the sovereign. The chain of title shows nineteen transfers of the property relating back to the original patent by the United States to William W. Mallet, dated May 21, 1896, and filed for recordation on June 15, 1896. Of these nineteen transfers, only two are pertinent to our discussion. These transfers, numbers five and six, are as follows:
(5) Cash Sale, The Forest Hill Lumber Company, Ltd (Resolution attached), The Central Lumber Company, Ltd., (Resolution attached), Lucille Rogers and Mabel Rogers to Spooner R. Howell (single) dated February 7, 1914, filed and recorded February 9, 1914, Conveyance Book 65, page 661. Conveys the NW/4 of the SE/4 of Section 26, T1N, R2W, less and except 10 acres in the NW corner thereof, for $1.00 and other considerations.
(6) Cash Sale, George W. Howell (Eva Horton); Mrs. Lydia H. LeBaumme (born Howell, widow of Felix August LaBaurnes), who are brother and sister and sole heirs of Spooner R. Howell, now deceased, to Edward B. Caruthers (widower) dated August 21, 1930, and other dates, filed and recorded September 11, 1930, Conveyance Book 172, page 358. Conveys the NW/4 of the SE/4 of Section 26, T1N, R2W, and other property for $1,250.00.
NOTE: The 10.0 acres in the NW corner of the NW/4 of SE/4 was not excepted in this Sale.
NOTE: We have not found that the Succession of Spooner R. Howell has been opened in this parish.
The Guillorys argue because there is no transfer from Spooner Howell there is a break in the Ducks' title. Thus, they contend the Ducks have not satisfied their burden of proof, citing Pure Oil.
The Louisiana Supreme Court's decision in Pure Oil does not, as the Guillorys allege, support their position. In Pure Oil, the Court refused to recognize the plaintiffs' claim of ownership because of a sixteen-year break in title between the recordation of the patent in 1858 and a subsequent transfer of the disputed property in 1874. The lack of a recorded transfer by the original title holder during this time period prevented the plaintiffs from making out "title good against the world." In the present case, however, the absence of a recorded transfer of the property by Spooner Howell is not fatal. Transfer number five is a sale to Spooner Howell, who is clearly identified as single in the chain of record title. Transfer number six is a sale of the property by George W. Howell and Lydia Howell LeBaumme, the siblings and sole heirs of Spooner Howell. The biological relationship between Spooner Howell and his siblings and their undisputed legal entitlement to inherit his property are the links which complete the Ducks' chain of title. Accordingly, the Ducks are entitled to judgment decreeing them as owners of the subject property.

DECREE
For the foregoing reasons the judgment of the trial court is affirmed. All costs of *94 this appeal are assessed against the appellants.
AFFIRMED.