It STEWART, J.
The plaintiffs, Rosie B. Robinson Brooks, et al., appeal a judgment dismissing their petitory action. In light of the unusual facts of this matter and the misinterpretation of this court’s earlier opinion affirming the trial court’s judgment finding the defendants herein, Venson and Sharon Maggio, in possession of the disputed land, we vacate the trial court’s judgment and remand for further proceedings.
FACTS
This matter began as a possessory action filed in 1994 by Venson and Sharon Maggio against Huey and Ruthie Robinson. The land in dispute is a 69-foot strip which runs down the center of the Northwest Quarter (NW1/4 of NW 1/4) of Section Thirty-six (36), Township Twenty (20) North, Range Twelve (12) West, in Bossier *482 Parish. The quarter/quarter is an irregular 44 acre tract of land. Two prior opinions have been rendered in this dispute.[1] In Maggio v. Robinson, 29,007 (La.App.2d Cir.1/22/97), 690 So.2d 1127, an unpublished opinion, we affirmed a judgment of the trial court recognizing the Maggios as possessors of the disputed tract of land, and we amended the judgment to allow the Robinsons 60 days after the judgment became executory to bring a petitory action as provided in La. C.C.P. art. 3662.
On April 2, 1997, the Robinsons timely filed this petitory action as directed in Maggio v. Robinson, supra. The petitory action petition was styled “Petition For Recognition As Owner Of Immovable Property.” The IgRobinsons alleged that they are the owners of immovable property described as the
East Half of Northwest Quarter of Northwest Quarter of Section-Thirty Six (36), Township Twenty (20) North, Range Twelve (12) West, Bossier Parish, Louisiana.
The Robinsons alleged that the Maggios are the owners of the adjacent tract to the west of their own tract and that both parties’ respective chains of title originated with a common owner, J.M. Whittington. The Robinsons further alleged that, since 1944, their ownership has extended to all property in the quarter-quarter except for the west twenty acres acquired by the Maggios from Whittington. Finally, the Robinsons alleged that the Maggios obtained possession of the 69-foot strip, which is alleged by the Robinsons to be a portion of their own property, and have refused to surrender possession. Accordingly, the Robinsons prayed that they be recognized as legal owners of the disputed strip. On September 22, 1999, the Robin-sons filed an amended petition in which they specifically asserted acquisitive prescription of thirty years as another basis for their ownership claim.
The Robinsons’ petitory action proceeded to trial on April 18, 2000. Before the start of trial, the trial judge and attorneys met in chambers for a pre-trial conference. Thereafter, the Robinsons’ attorney, Robert Booth, announced on the record, “(W)e are, as stated in Chambers, not going to pursue the petitory action.” He explained, “We do not feel we can prove judgment as against all the world — title against all the world.” The Robinsons’ attorney went on to explain:
We thought that we had a right to pursue — to pursue adverse possession of the land in question,.... Our witnesses are here prepared to testify that the Robinson family ... has possessed the 1 aproperty in question probably in excess of fifty (50) years. The prior decision before Judge Burchett was that the Maggios had proven they possessed it for one (1) year. For some reasons, the Court of Appeal decided to make that thirty (30) years. I don’t quite understand why. But it’s done. And I appreciate your position that you find the matter moot; cannot overrule a Court of Appeal decision basically on the same matter. We do, at this time, enter our objection to a ruling that finding a one (1) year possession' — as a physical possession of a piece of property precludes or makes moot any other action by the heirs in question from proving thirty (30) plus years adverse possession of the property before they were interrupted by the Maggios building a fence.... I don’t quite understand why the Court of Appeal expanded on Judge Burchett’s *483 opinion, which was clearly one (1) year and made it thirty (30) years.
Immediately thereafter, in open court, the Maggios’ attorney asserted a peremptory exception of res judicata based on Maggio v. Robinson, supra. The Maggios’ attorney referred to this court’s finding that the trial judge did not err in finding that they established the requisite elements of possession of the disputed strip of land. The trial court upheld the exception of res judicata believing that the Robinsons had withdrawn their demand for a petitory action and only sought to go forth with a possessory action which had already been tried and affirmed on appeal. On August 30, 2000, the trial court rendered a judgment dismissing the Robinsons’ suit based on the purported dismissal of their petito-ry action and the Maggio’s exception of res judicata.[2] The instant appeal followed.
DISCUSSION
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. Our review of this | ¿record reveals that the parties and the trial court have misinterpreted our prior ruling in Maggio v. Robinson, supra, so as to deprive the Robinsons of the opportunity to pursue their petitory action. This misinterpretation appears to have resulted in both the purported dismissal of the petitory action by the Robinsons’ then attorney and the assertion of the exception of res judicata by the Maggios. Because of the confusion evidenced in the record by the parties as to the nature of a petitory action and the prior opinion of this court, we find that remand is necessary for a new trial of the Robinsons’ petitory action.
In Maggio v. Robinson, supra, the Rob-insons appealed a trial court judgment rendered in a possessory action on February 9, 1996. The trial court’s judgment recognized the Maggios’ right to the possession of the immovable property in dispute and ordered the Robinsons to bring a petitory action to assert their claim of ownership relative to the disputed property within 90 days of the judgment becoming executory. On the Robinsons’ appeal, we affirmed the trial court’s judgment by stating that “we find that the trial judge did not err in finding that the plaintiffs established the requisite elements of a pos-sessory action and are entitled to possession of the disputed property.” Maggio v. Robinson, supra. We also amended the trial court’s judgment to allow the Robin-sons to assert a petitory action within 60 days after the judgment becomes final, as required by La. C.C.P. art. 3662.
While a portion of the opinion in Maggio v. Robinson, supra, purports to address an assignment of error regarding the trial court’s failure to find that the Robinsons possessed the disputed land for over thirty years, we made no finding or ruling which would preclude the Robinsons claim of 30-lyearsB acquisitive prescription as a means of proving their petitory action. In fact, our opinion, as well as the trial court’s opinion, expressly reserved the Robinsons’ right to pursue a petitory action and directed that they assert such an *484 action within specified time limits or be forever precluded from claiming ownership of the disputed property. With regard to the assertion of res judicata, when the plaintiffs’ right to maintain a second action is expressly reserved in the first action, the first action fails to acquire the authority of the thing adjudged in the second action. Stroik v. Ponseti, 96-2897 (La.9/9/97), 699 So.2d 1072, 1077. The Robinsons’ right to pursue a petitory action was expressly reserved. Accordingly, the exception of res judicata asserted by the Maggios could only apply to an attempt by the Robinsons to re-litigate the possessory action and not to any attempt by the Robinsons to prove their ownership through this petitory action.
A petitory action is one brought by a person who claims ownership of immovable property, but is not in possession thereof, against another who is in possession or who claims ownership thereof adversely in order to determine the legal ownership of the property. La. C.C.P. art. 3651; Clampitt v. Davis Bros. Lumber Co., Ltd., 266 So.2d 248 (La.App. 2d Cir.1972), writ refused, 263 La. 109, 267 So.2d 212 (La.1972). The burden of proof in a petitory action is set forth in La. C.C.P. art, 3653, which provides as follows:
To obtain a judgment recognizing his ownership of immovable property or real right therein, the plaintiff in a petitory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
| fi(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.
When the titles of the parties are traced to a common author, he is presumed to be the previous owner.
See also La. C.C. art. 531.[3]
In asserting a petitory action against the Maggios, the burden is on the Robinsons to prove that they acquired ownership from a previous owner or by acquisitive prescription. Avery v. Nash, 448 So.2d 841 (La.App. 2d Cir.1984); Duck v. Guillory, 98-1387 (La.App. 3d Cir.03/03/99), 737 So.2d 91, writ denied, 99-0913 (La.4/30/99), 743 So.2d 210; Conway v. Crowell Land & Mineral Corp., 93-1158 (La.App. 3d Cir.4/6/94), 635 So.2d 544, writ denied, 94-1198 (La.7/1/94), 639 So.2d 1166. Prior to its revision in 1981, the former La. C.C.P. art. 3653(1) had provided that the plaintiff must “make out his title thereto” to the property if the defendant is in possession. In Pure Oil Co. v. Skinner, 294 So.2d 797 (La.1974), the Louisiana Supreme Court discussed the meaning of the foregoing phrase. The court explained that the plaintiff in a peti-tory action must prove “either valid record title or prescriptive title to the property” when the defendant is in possession. Id. at 799. The revision of Article 3653(1) now lists both of those options from which the Robinsons could choose in making out their title against the Maggios.
The allegations set forth by the Robin-sons in their petitory action petition filed on April 2, 1997, provide that they are owners of the disputed |7property and indicate a chain of ownership, or valid record title, traced to a common author with the Maggios. They prayed in the petition to be recognized as owners of the disputed property. These allegations are sufficient *485 to satisfy the requirements for asserting a petitory action. See Young v. Anderson, 43 So.2d 280 (La.App. 2d Cir.1949) and A.J. Hodges Industries v. Fobbs, 39 So.2d 91 (La.App. 2d Cir.1949). Moreover, in an amended petition, the Robinsons specifically asserted acquisitive prescription of 30 years — the second means of proving ownership in a petitory action — as a basis for their claim of ownership, in addition to that of ownership of the disputed land from a previous owner in the chain of title. As stated previously, nothing in our prior opinion precludes the Robinsons from maintaining a petitory action by which they may attempt to prove their ownership of the disputed property either by a valid record title or by acquisitive prescription. Rather, the right to pursue a petitory action was reserved without limitations, other than the time period within which to pursue such an action. Because the Rob-insons’ purported dismissal of their petito-ry action was based on the mistaken belief, on the part of the attorneys and the trial court, that our prior opinion in Maggio v. Robinson, supra, precluded the Robinsons from attempting to prove acquisitive prescription of thirty years, we find that remand is necessary for a new trial.
For these reasons, we find that the judgment of the trial court dismissing the Robinsons petitory action should be vacated and the matter remanded for a new trial of the petitory action.
| ^DECREE
The judgment of the trial court dismissing the Robinsons’ suit is hereby vacated, and the matter is remanded for a new trial of the petitory action. Costs are assessed equally between the parties.
VACATED AND REMANDED.

. Maggio v. Robinson, 29,007 (La.App.2d Cir.01/22/97), 690 So.2d 1127, and Maggio v. Robinson, et al., 31,913 (La.App.2d Cir. 05/05/99), 741 So.2d 103.

. On May 5, 2000, following the dismissal of their petitory action by their attorney, the Robinsons filed, in proper person, a pleading styled "Request for Petition for Recognition as Owner of Immovable Property, Number 95787 to be REPLACED and DOCUMENTED IN THE COURT DOCKET AND TO BE TRIED AND HEARD." They alleged that their attorney withdrew the petitory action without their knowledge or authorization, and they requested that it be reinstated. On appeal, they urge that this pleading was a motion for a new trial and argue that the trial court erred in not granting a new trial on their petitory action. Because we find that remand is warranted for other reasons, we need not address the errors raised by the Robinsons on appeal.

. La. C.C. art. 531 provides:
One who claims the ownership of an immovable against another in possession must prove that he has acquired ownership from a previous owner or by acquisitive prescription. If neither party is in possession, he need only prove a better title.