I ¶ JIMMIE C. PETERS, J.
This appeal arises from a petitory action filed by Kenneth Fletcher against Douglas Wilson wherein Fletcher sought to be declared owner of certain immovable property in Wilson’s possession. In a reconven-tional demand, Wilson claimed ownership of the disputed property by acquisitive prescription. Wilson appeals the trial court judgment rendered in favor of Fletcher.
There is little factual dispute in the record. Fletcher has record title to approximately twenty acres in Vernon Parish, Louisiana, described as the west half of the Southwest Quarter of the Northwest Quarter of Section 36, Township 1 North, Range 10 West. In May of 1999, Fletcher discovered that Wilson had constructed a fence across the south end of the property enclosing approximately three of the twenty acres and had erected “Posted” signs along the fence. When Wilson refused to remove the fence and vacate the property, Fletcher filed this petitory action. At trial, Fletcher admitted that Wilson was in possession of the disputed three acres. After trial, the trial court recognized Fletcher as owner of the disputed property and rejected Wilson’s acquisitive prescription claim.
In his appeal, Wilson asserts five assignments of error. In the first two assignments, he contends that the trial court erred in admitting an abstract of Fletcher’s property as proof of ownership and in concluding that Fletcher established ownership of the disputed property. He argues, in the third assignment of error, that the trial court erred in admitting a survey of the property prepared for Fletcher and in relying on that survey in reaching its factual conclusions. The final two assignments of error relate to Wilson’s reconven-tional demand. He asserts in these two assignments that the trial court erred in admitting certain hearsay statements regarding his adverse possession claim and in failing to recognize the validity of his boundary dispute claim. Because we find merit in the first assignment of error that requires a Lremand to the trial court, we find it unnecessary to consider the remaining assignments of error at this time.
The proper procedural vehicle for an individual to claim ownership of immovable property that he does not possess is the petitory action. La.Code Civ.P. art. 3651. For Fletcher to be successful in this peti-tory action, he must prove that “he has acquired ownership from a previous owner or by acquisitive prescription.” La.Code Civ.P. art. 3653(1). In describing the particulars of this burden, this court stated the following in Duck v. Guillory, 98-1387, pp. 2-3 (La.App. 3 Cir. 3/3/99), 737 So.2d 91, 93, writ denied, 99-0913 (La.4/30/99), 743 So.2d 210:
To satisfy [this] burden, the [plaintiff is] required to prove an unbroken chain of record title or that [he] acquired title by prescription. Such proof of title is sometimes referred to as “title good against the world.” Pure Oil Co. v. *758 Skinner, 294 So.2d 797, 799 (La.1974). The [plaintiff], however, [is] not obligated to prove a perfect title to the disputed property, just one “apparently good” which traces an unbroken record title to the sovereign. See Conway v. Crowell Land & Mineral Corp., 93-1158 (La.App. 3 Cir. 4/6/94), 635 So.2d 544 (citing Bickham, Inc. v. Graves, 457 So.2d 1210 (La.App. 3 Cir.1984)), writ denied, 94-1198 (La.7/1/94), 639 So.2d 1166.
In an effort to establish his “title good against the world,” Fletcher introduced the following documents as exhibits:
A certified copy of an act of partition between Lynwood Davis and Kenneth L. Fletcher, dated June 19, 1997, and recorded as Instrument Number 511736 in the Records of the Office of Clerk of Court of Vernon Parish, Louisiana.
This exhibit represents Fletcher’s deed of acquisition to the west half of the Southwest Quarter of the Northwest Quarter of Section 36, Township 1 North, Range 10 West:
Judgment of Possession of the Succession of Richard Myres Davis and Beckie Jane Davis, Docket Number 60,133, dated June 10, 1997, and recorded as Instrument Number 511377 in the Records of the Office of Clerk of Court of Vernon Parish, Louisiana.
This exhibit recognizes Lynwood Davis and Fletcher as the sole heirs of Richard and LBeckie Davis, and places them in possession, as co-owners, of the west half of the Southwest Quarter of the Northwest Quarter of Section 36, Township 1 North, Range 10 West, as well as other property belonging to the deceased couple.
Certified copy of a contract of sale between Llano del Rio Company of Nevada and Richard M. Davis, dated April 14, 1920, and recorded in Conveyance Book 54, Page 608, in the Records of the Office of Clerk of Court of Vernon Parish, Louisiana.
This exhibit represents the deed of acquisition of Richard M. Davis to the west half of the Southwest Quarter of the Northwest Quarter of Section 36, Township 1 North, Range 10 West.
Abstract of Vernon Abstract Company, Inc., dated March 22, 2000, purporting to be a title history of the west half of the Southwest Quarter of the Northwest Quarter of Section 36, Township 1 North, Range 10 West.
This exhibit purports to establish the remainder of Fletcher’s chain of title not established by the certified copies of the first three exhibits described herein.
Wilson disputes only the authenticity or correctness of the abstract exhibit. Thus, he acknowledges that Fletcher clearly established his record title to that portion of the twenty acres at issue in this litigation through April 14, 1920. However, he contends that the trial court erred in admitting the abstract exhibit and that, without that exhibit, Fletcher did not establish “an unbroken record title to the sovereign.” Duck, 737 So.2d at 93.
Fletcher testified that he requested the Vernon Abstract Company to prepare the abstract exhibit for use in this litigation and that Mary B. Sliman, an abstractor with the company, furnished him with the completed document. When offered into evidence, Wilson timely objected to its admissibility. On appeal, Wilson argues that the abstract exhibit is not truly an abstract, but a compilation of the work of three different individuals prepared at various times in history. He further asserts that, | ¿without testimony to establish the authenticity of the documents contained in the exhibit and the manner of its preparation, it is not admissible. In support of this assertion, he points out that the abstract exhibit does not contain certified *759 copies of all the documents in the chain of title, but contains the preparer’s notations interpreting documents not a part of the exhibit. In admitting the abstract over Wilson’s objection, the trial court stated that it was “admissible as to chain of title, but, not as to admissibility of any of the documents shown.”
Examination of the abstract exhibit reveals that it is actually three separate abstracts combined into one. Ms. Sliman certified the abstract exhibit on behalf of Vernon Abstract Company, Inc., but limited her certification to a period from November 26, 1940, through March 22, 2000, the day she signed the certification. She attached a second certification, dated November 26, 1940, to the abstract exhibit which purported to certify the abstract exhibit’s content from January 13, 1921, through November 26, 1940. S.M. Turner signed this certification on behalf of the abstract company. Ms. Sliman attached a third certification page purporting to certify the abstract for the period prior to January 13, 1921. This certification page, which bears an illegible signature, was signed on behalf of Vernon Abstract Company on January 13,1921.
On the surface, it appears that in November of 1940, Turner simply updated an abstract previously prepared by the abstract company and that Ms. Sliman simply updated Turner’s abstract in March of 2000. However, no one testified on behalf of Vernon Abstract Company, Inc. concerning the manner of preparation.
The abstract exhibit contains copies of the same documents introduced by Fletcher to perfect his title through April 12, 1920. Additionally, it contains a number of standard forms documenting the transactions involving the twenty acres at issue | Bwhich occurred before April 12, 1920. These forms contain bear-bones notations documenting execution and recor-dation information of these transactions and identifying the parties involved. One of these forms reflects that the United States transferred the property to the State of Louisiana in 1849 and that Louisiana transferred the property to a private individual in 1859.
When Wilson’s counsel first objected to the abstract exhibit’s admissibility, Fletcher’s counsel responded that he would “be happy to go get Ms. Sliman if we need her” or to “get certified copies of [the documents in the abstract].” The trial court’s ruling that the abstract exhibit was admissible precluded the need for Fletcher’s counsel to do either. Relying on the trial court’s ruling, Fletcher’s counsel proceeded as if this element of his burden of proof was proven.
If admissible, the abstract exhibit would clearly establish Fletcher’s title to the sovereign. However, the abstract exhibit is hearsay. La.Code Evid. art. 801(C). Absent a special provision of the Louisiana Code of Evidence or other legislation, hearsay evidence is not admissible. La. Code Evid. art. 802. Fletcher has directed us to no legislative authority that would allow the admission of the abstract exhibit into evidence, and we have found none. Thus, the trial court erred in admitting the abstract exhibit.
In reaching the conclusion that the trial court erred in this regard, we also conclude that the appropriate relief is to set aside the trial court judgment and remand this matter to the trial court for the limited purpose of giving Fletcher the opportunity to present additional evidence on the issue of chain of title. We do so pursuant to the authority granted in the Louisiana Code of Evidence and the Louisiana Code of Civil Procedure. Article 102 of the Code of Evidence provides that its articles “shall be construed to secure fairness and efficiency in administration of the law of evidence 1 fito the end that the truth may be ascertained and proceedings justly *760 determined.” Article 2164 of the Code of Civil Procedure provides that the appellate courts “shall render any judgment which is just, legal, and proper upon the record on appeal.” Were we to simply dismiss Fletcher’s suit for lack of proof when he legitimately relied on a now-deemed erroneous evidentiary ruling, we would not fulfill the mandates of these articles. Upon completion of the record in this regard, either party will have the opportunity to again perfect an appeal of any remaining issues.
DISPOSITION
For the foregoing reasons, we set aside the judgment rendered by the trial court and remand this matter to the trial court for the limited purpose of allowing Kenneth Fletcher the opportunity to present additional evidence on the issue of chain of title. The costs of this appeal are taxed equally against Kenneth Fletcher and Douglas Wilson.
JUDGMENT SET ASIDE AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.